# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00341-CV

**Bobby Dale Barina, Appellant**

**v.**

**Kathleen Person Barina, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 223,145-B, HONORABLE ROBERT G. DOHONEY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Bobby Dale Barina ("Barina") seeks review of the trial court's judgment entering a final decree of divorce from appellee Kathleen Person Barina ("Person") based on the parties' mediated settlement agreement. In four issues, Barina contends that the trial court erred and abused its discretion in entering the final divorce decree contrary to the express terms of the parties' mediated settlement agreement and contrary to section 153.0071 of the family code. *See* Tex. Fam. Code Ann. § 153.0071 (West Supp. 2008). Because we conclude there was error in the trial court's judgment and that the trial court abused its discretion in failing to enter a final divorce decree consistent with the terms of the parties' mediated settlement agreement and section 153.0071 of the family code, we modify the trial court's judgment to conform to the parties' agreement and affirm the judgment as modified.

## BACKGROUND

The record reflects that the parties entered into a mediated settlement agreement as authorized in section 153.0071 of the family code to effectuate the terms of their divorce, including the terms of possession of their child J.J.B., the only child born of their marriage. The trial court held a hearing on Person's motion to enter an order of final divorce decree and considered the parties' mediated settlement agreement.

During the hearing, Barina objected to the entry of the proposed final divorce decree on the grounds that it was inconsistent with the terms of the parties' mediated settlement agreement. Relevant to the appeal now before us, Barina challenged the language in the proposed final divorce decree regarding weekend possession periods of the child J.J.B. as contrary to the terms of the parties' mediated settlement agreement. The mediated settlement agreement provided:

> Mother shall have alternating weekends, beginning at 8:00a.m. on Friday, or when school starts and ending on the following Monday at 8:00a.m. beginning May 11, 2007.

> Father shall have alternating weekends, beginning at 8:00a.m. on Friday, or when school starts and ending on the following Monday at 8:00a.m. beginning May 18, 2007.

The mediated settlement agreement also addressed the issue of possession of J.J.B. on certain holidays, including Thanksgiving, Christmas, Mother's Day, Father's Day, Spring Break, and J.J.B.'s birthday, and stated that "[t]he parent not in possession at the end of the holiday shall have the first weekend period of possession following the holiday."

2

After hearing the arguments of counsel, the trial court entered a final divorce decree providing that Person shall have J.J.B. on the first, third, and fifth weekends, and that Barina shall have J.J.B. on the second and fourth weekends. In two paragraphs, the final divorce decree provided:

3.      [Person] shall have possession of the child by alternating weekends having the 1st, 3rd, and 5th weekends of the month, beginning at 8:00 a.m. on Friday, or when school starts[,] and ending on the following Monday at 8:00 a.m.

4.      [Barina] shall have possession of the child by alternating weekends having the 2nd and 4th weekends of the month, beginning at 8:00 a.m. on Friday, or when school starts[,] and ending on the following Monday at 8:00 a.m.

It is this portion of the final divorce decree that Barina appeals.

## DISCUSSION

In four issues, Barina complains that the trial court erred and abused its discretion by entering provisions in the final divorce decree that were inconsistent with the parties' mediated settlement agreement and section 153.0071 of the family code. Person counters that the trial court reasonably interpreted the parties' mediated settlement agreement and did not abuse its discretion by entering a final divorce decree consistent with that reasonable interpretation. Person further argues that Barina has failed to preserve error for this Court's review.

### *Preservation of Error*

As a preliminary matter, we consider Person's claim that Barina failed to preserve error because Barina failed to timely object to the trial court's entry of the final divorce decree. While we agree with Person that Barina did not use the magic words "I object" or "objection" during

the hearing before the trial court on the entry of judgment, the rules of appellate procedure do not require the use of magic words to preserve error. *See* Tex. R. App. P. 33.1. In order to preserve an error for review on appeal, Rule 33.1 requires the record to show (i) that the complaint was made to the trial court by a timely request, objection or motion that stated the grounds for the complaint with sufficient specificity to make the trial court aware of the complaint; and (ii) that the trial court expressly or implicitly ruled on the request, objection or motion. *Id.* 33.1(a)(1)-(2); *cf. Taylor v. State*, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996) (where record is clear that trial court understood objection and legal basis therefore, error is preserved despite appellant's failure to state magic words "I object"); *Pardue v. State*, 252 S.W.3d 690, 699 (Tex. App.—Texarkana 2008, no pet.) (although defendant did not use magic words "due process," error was preserved because objection was sufficient to make trial court aware of nature of complaint).

The record in this case demonstrates that Barina made the trial court aware of his complaint that the proposed final divorce decree was inconsistent with the parties' mediated settlement agreement. The following exchange between Barina's counsel and the trial court occurred at the hearing below:

Counsel:    The other concern that I have deals with - - if you'll look at page 8 of the proposed decree.

Court:    Okay.

Counsel:    Numbers 3 and 4 on page 8 deal with the weekend periods of possession by the parents. What Mr. Barnhill [Person's counsel] has done is arbitrarily assigned particular weekends to each parent and alternate the fifth weekend; unfortunately, that's not what our Mediated Settlement Agreement says. Our Mediated Settlement Agreement indicates that they'll have alternating weekends, and then

4

it goes further and says that "the parent not in possession at the end of a holiday shall have the first weekend period of possession following that holiday." So never did we contemplate in this Mediated Settlement Agreement that the first, third weekend would be assigned to one parent and the second fourth to the other. We intended it to alternate and we intended it to give the parent, after a holiday, the weekend period of possession for the parent that hadn't had that holiday. So, we believe that numbers 3 and 4 are in direct controversy with what the parties agreed in the Mediated Settlement Agreement.

\* \* \*

Counsel: And, Judge, my position is that simply we're entitled to a judgment consistent with the Mediated Settlement Agreement . . . I think that we're entitled to have the divorce decree reflect what was agreed to by the parties. I don't think [Person] can come in here today and tell you, well, it doesn't do exactly what I thought it was going to do, so I want to change it. And I think that's what they're trying to do.

\* \* \*

Court: As to the [first, third], and fifth weekend as to [Person], that will stay in the decree; as to [Barina] second and fourth only. Anything further?

On this record, we conclude Barina has preserved error because counsel's statements made the trial court aware of Barina's complaint that the proposed divorce decree was inconsistent with the parties' mediated settlement agreement and that Barina was entitled to judgment based on the parties' agreement. Counsel's statements were sufficiently specific to apprise the trial court of Barina's complaint, and the trial court's entry of the proposed divorce decree with terms that were inconsistent with the parties' agreement implicitly, if not expressly, overruled Barina's complaint. Were we to accept Person's argument that Barina was required to utter magic words such as "I object" or "objection" we would impose a burden not contemplated under the rules of appellate

5

procedure. *See* Tex. R. App. P. 33.1 (record need only demonstrate that trial court was made aware of nature of complaint). We reject Person's claim that Barina has failed to preserve error for our review, and we now turn to the merits of Barina's issues on appeal.

### *Mediated Settlement Agreement*

Barina's primary complaint[1] on appeal is that he was entitled to judgment based on the terms of the parties' mediated settlement agreement, *see* Tex. Fam. Code Ann. § 153.0071(e), and that the trial court erred, or otherwise abused its discretion, in rendering judgment inconsistent with the parties' agreement. We agree.

Section 153.0071 of the family code provides in relevant part:

> (c) On the written agreement of the parties or on the court's own motion, the court may refer a suit affecting the parent-child relationship to mediation.
>
> (d) A mediated settlement agreement is binding on the parties if the agreement:
>
> > (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;
> >
> > (2) is signed by each party to the agreement; and
> >
> > (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.
>
> (e) If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

---

[1] Although Barina raises four issues on appeal, we construe all of these issues to be variations of the same complaint—namely, that the trial court's final judgment is inconsistent with the terms of the parties' mediated settlement agreement. We address Barina's issues together.

(e-1)   Notwithstanding Subsections (d) and (e), a court may decline to enter a judgment on a mediated settlement agreement if the court finds that:

   (1)   a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions; and

   (2)   the agreement is not in the child's best interest.

Tex. Fam. Code Ann. § 153.0071(c)-(e-1).  Where a mediated settlement agreement satisfies the requirements of subsection 153.0071(d), all parties are bound by the agreement and are entitled to judgment on the terms of the agreement.  *See In re Marriage of Joyner*, 196 S.W.3d 883, 889 (Tex. App.—Texarkana 2006, pet. denied).  Unless there is an allegation of family violence, a section 153.0071 agreement may be ruled on without a determination by the trial court that the terms of the agreement are in the best interest of the child.  *See* Tex. Fam. Code Ann. § 153.0071(e-1) (trial court may decline to enter judgment on mediated settlement agreement if the court finds "a party to the agreement was a victim of family violence . . . *and* the agreement is not in the child's best interest." (emphasis added)); *see also Cayan v. Cayan*, 38 S.W.3d 161, 165 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (trial court may rule on section 6.602[2] agreement without determination that property division is just and right).  This is consistent with the public policy and purpose of mediation and letting the parties settle their affairs "as they see fit" and thereby keeping those matters out of the courtroom.  *See In re Marriage of Joyner*, 196 S.W.3d at 889.

---

[2]  Section 6.602 of the family code allows parties to enter binding mediated agreements regarding the dissolution of marriage and the division of property between the parties.  Tex. Fam. Code Ann. § 6.602 (West 2006).  Section 153.0071 of the family code has identical language allowing parties to enter binding mediated agreements regarding the parent-child relationship, including the terms of child conservatorship, possession, access, child support, and related matters. *Id.* § 153.0071 (West Supp. 2008).

There is no dispute that the mediated settlement agreement before us satisfies the requirements of subsection 153.0071(d). *See* Tex. Fam. Code Ann. § 153.0071(d). Paragraph seven of the agreement states in underlined capital letters, "THIS AGREEMENT IS NOT SUBJECT TO REVOCATION." *See id.* § 153.0071(d)(1). Barina and Person signed the agreement. *See id.* § 153.0071(d)(2). The respective attorneys for Barina and Person also signed the agreement. *See id.* § 153.0071(d)(3).

The statute expressly provides that, so long as the agreement satisfies the requirements of the statute, a party is entitled to judgment on the agreement notwithstanding Rule 11 of the Texas Rules of Civil Procedure or "another rule of law." Tex. Fam. Code Ann. § 153.0071(e). The statute does not authorize the trial court to substitute its judgment for the mediated settlement agreement entered by the parties unless the requirements of subsection 153.0071(e-1) are met.[3] *See id.* § 153.0071(e-1); *In re Marriage of Joyner*, 196 S.W.3d at 890.

Under the express terms of the mediated settlement agreement entered by the parties before us, Barina and Person agreed to possession of the child J.J.B. on alternating weekends beginning May 11, 2007. The agreement further provided that the parent not in possession at the end of a holiday period "shall have the first weekend period of possession following the holiday." These provisions fully expressed the parties' agreement regarding the terms of weekend possession, and they were binding on the parties once the agreement was signed. *See* Tex. Fam. Code Ann. § 153.0071. Therefore, Barina was entitled to judgment based on these terms of the mediated settlement agreement. *Id.* § 153.0071(e).

---

[3] There is no evidence that the requirements of subsection 153.0071(e-1) have been met in this case. *See* Tex. Fam. Code Ann. § 153.0071(e-1).

At the hearing on the motion to enter judgment, Person argued that the parties did not agree to weekend possession as stated in the mediated settlement agreement. Person claimed that the parties' agreement was in accordance with the standard possession order in the family code and was designed to allow the child J.J.B. to spend more time with his sibling—Person's child from a previous marriage—who was also subject to the terms of court-ordered possession under Person's previous divorce decree.[4] That she later interpreted the provisions of the mediated settlement agreement between herself and Barina to mean something different than the plain language of those terms does not authorize the trial court to render judgment on terms different than those provided in the mediated settlement agreement. *See id.*; *Garcia-Udall v. Udall*, 141 S.W.3d 323, 332 (Tex. App.—Dallas 2004, no pet.) (trial court lacked authority to enter judgment that varies from terms of mediated settlement agreement).

Barina was entitled to judgment based on the terms of the parties' mediated settlement agreement. *See In re Marriage of Joyner*, 196 S.W.3d at 890; *Garcia-Udall*, 141 S.W.3d at 332 (same); *In re Circone*, 122 S.W.3d at 406-07 (same); *Cayan*, 38 S.W.3d at 167 (same). The trial court's judgment awarding possession of the child J.J.B. to Person on the first, third, and fifth weekends of each month and to Barina on the second and fourth weekends of each month is contrary to the parties' mediated settlement agreement. We therefore conclude that the trial court erred in rendering judgment that varied from the terms set forth in the parties' mediated settlement agreement. *See Garcia-Udall*, 141 S.W.3d at 332. We further conclude that the trial court abused

---

[4] Person's possession of J.J.B.'s sibling under the terms of that divorce decree was more consistent with the standard possession order in the family code allowing for possession on the first, third and alternating fifth weekends of each month.

9

its discretion in rendering judgment contrary to the terms of the parties' mediated settlement agreement. *Id.*

We sustain Barina's issues on appeal. Accordingly, we render judgment that the divorce decree be modified to comport with the terms of the parties' mediated settlement agreement as follows:

Mother shall have alternating weekends, beginning at 8:00a.m. on Friday, or when school starts and ending on the following Monday at 8:00a.m. beginning May 11, 2007; and

Father shall have alternating weekends, beginning at 8:00a.m. on Friday, or when school starts and ending on the following Monday at 8:00a.m. beginning May 18, 2007.

We likewise modify the divorce decree to provide that "[t]he parent not in possession at the end of a holiday period shall have the first weekend period of possession following the holiday." With these modifications, we affirm the trial court's judgment. *See id.* (rendering judgment modifing divorce decree to comport with mediated settlement agreement and affirming judgment as modified).

## CONCLUSION

Having sustained Barina's issues on appeal, we modify the trial court's judgment to comport with the terms of the parties' mediated settlement agreement and affirm the judgment as modified.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Modified and, as Modified, Affirmed

Filed:   November 21, 2008

11